UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK VINCENT INCOPERO ESTATE,<br>　　Plaintiff(s),<br>v.<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,<br>　　Defendant(s). | Case No.: 2:17-cv-02636-RFB-NJK<br>**Order**<br>[Docket No. 37] |

The law governing extensions of discovery deadlines and the parties' duty to diligently engage in discovery is well-established.

Unless the Court authorizes earlier discovery, the discovery process begins upon the holding of a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Based on the discussions at that conference, the parties file a discovery plan. Fed. R. Civ. P. 26(f)(3). The Court considers that discovery plan and enters a scheduling order establishing deadlines for the completion of discovery. Fed. R. Civ. P. 16(b)(1).

Once the scheduling order is entered, it "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). The deadlines in the scheduling order are not recommendations, they are directives with which compliance is mandatory absent court approval to the contrary. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'"); *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186

F.R.D. 601, 603 (E.D. Cal. 1999) ("Calendars are simply too crowded for parties to treat scheduling orders as optional").[1] The Court does not simply rubber-stamp requests to modify the scheduling order. Instead, all such requests must show that "good cause" exists for an extension, Fed. R. Civ. P. 16(b)(4); Local Rule 26-4, an inquiry that turns on whether the deadline at issue cannot be met despite the *diligence* of the party or parties seeking the extension, *see Johnson*, 975 F.2d at 609. When diligence is lacking, "the inquiry should end." *Id.* If the deadline at issue has already expired before the request is filed, an even more rigorous showing is required (in addition to the good cause standard) that the failure to timely seek the extension was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); Local Rule 26-4.[2]

It is axiomatic that the mere filing of a motion to dismiss, standing alone, is not grounds to delay discovery. *E.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending") (Koppe, J.); *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (Ferenbach, J.); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (Leen, J.); *Jones v. Wirth*, 2016 WL 4994962, at *3 (D. Nev. Sept. 16, 2016) (Foley, J.); *Martinez v. MXI Corp.*, 2015 WL 8328275, at *3 (D. Nev. Dec. 8, 2015) (Cooke, J.); *Cruz v. Wabash Nat'l Corp.*, 2013 WL 6837717, at *1 (D. Nev. Dec. 26, 2013) (Hoffman, J.); *Money v. Banner Health*, 2012 WL 1190858, at *4 (D. Nev. Apr. 9, 2012) (Cobb,

---

[1] A "district court needs the authority to manage the cases before it efficiently and effectively. In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one").

[2] These standards apply whether the request is presented in the form of a motion or stipulation. *See* Local Rule 26-4; *see also Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (affirming denial of a stipulation to extend the discovery cutoff where the parties had not been diligent in pursuing discovery; "Although the parties styled their agreed extension as a stipulation to extend the discovery deadline, the district court properly treated it as a joint motion because the judge must consent to any modification of a scheduling order").

J.). That settled proposition is not altered by the fact that the parties may have agreed among themselves (without seeking court approval) to forego their discovery obligations during the pendency of a motion to dismiss. *See* Fed. R. Civ. P. 29(b); *see also* Local Rule 7-1(b). Indeed, the parties expressly acknowledged this truism in their discovery plan that they filed in this case, stating plainly that "[i]t is not good cause for a later request to extend discovery that the parties informally postponed discovery." Docket No. 18 at 3.

For reasons that are unclear, the parties did not adhere to their own recitation of this settled principle. The discovery cutoff expired a month ago, on April 16, 2018. Docket No. 19. That deadline was stipulated to by the parties and ordered by the Court. *See id.* Now pending before the Court is the parties' stipulation seeking an "extension"[3] of the discovery cutoff to an uncertain date that is 90 days after resolution of certain pending motions, including motions to dismiss. Docket No. 37.[4] The stipulation reveals that—despite having months during which to conduct discovery and despite the parties' own acknowledgement that they are not entitled to postpone discovery without court approval—virtually no discovery was conducted in this case during the now-expired discovery period. To the contrary, some initial disclosures were exchanged and *one* deposition was taken. *Id.* at 2.[5] The parties indicate that the full panoply of discovery remains: depositions, interrogatories, requests for admission, and requests for production. *Id.*

Missing from the stipulation is any basis on which the Court could find that the parties have been diligent and that, despite such diligence, they could not reasonably comply with the deadlines in place. Good cause is therefore lacking. Also missing from the stipulation is any basis on which the Court could find that the parties' failure to file their request in a timely fashion before

---

[3] As the stipulation was filed a month after the expiration of the discovery cutoff, the parties are not actually seeking an "extension," they are seeking that discovery be "reopened." A request to extend and a request to reopen are conceptually distinct matters and are subject to different legal requirements, as discussed above.

[4] To be clear, Defendants Barrett Daffin Frappier Treder & Weiss and Cheryl Asher *answered the complaint*. Docket No. 12. These Defendants did not challenge the sufficiency of the complaint until three months later. *See* Docket No. 21.

[5] Despite an order requiring that initial disclosures be exchanged by December 15, 2017, Docket No. 19 at 2, it appears Defendant Fay Servicing has not provided its initial disclosures, *see* Docket No. 37 at 2.

3

the discovery cutoff was the result of excusable neglect. Without those showings, the relief requested will not be granted.

Accordingly, the stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 10, 2018

                                            Nancy J. Koppe
                                            United States Magistrate Judge