**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FRANK VICENT INCOPERO ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; FAY SERVICING, LLC; CHERYL ASHER, ESQ., an individual; DOES 1 through 10 and ROES I-X,<br><br>Defendants. | Case No. 2:17-cv-02636-RFB-NJK<br><br><br>**ORDER** |

### I. INTRODUCTION

Before the Court are Defendant Fay Servicing, LLC ("Fay Servicing")'s Motion to Dismiss, (ECF No. 4); Defendants Barrett Daffin Frappier Treder & Weiss ("Barrett") and Cheryl Asher ("Asher") (collectively, "Barrett Defendants")' Motion to Dismiss, (ECF No. 21); and Plaintiff Frank Vincent Incopero Estate ("Plaintiff" or "the Estate")'s Motion for Leave to File Amended Complaint (ECF No. 34). For the reasons stated below, the Motions to Dismiss are granted, and the Motion for Leave to File Amended Complaint is denied.

### II. BACKGROUND

On August 9, 2017, Plaintiff filed a Complaint in the Fifth Judicial District of Nye County, Nevada. (ECF No. 1-1). The case was removed to this Court by Fay Servicing on October 10, 2017. (ECF No. 1). Plaintiff asserts the following causes of action: 1) violation of Fair Debt

Collection Practices Act ("FDCPA") Section 808 Unfair Practice, against all Defendants; 2) declaratory relief, against all Defendants; 3) violation of Section 1983 – claim against private parties, against all Defendants; and 4) negligence and respondeat superior, against Barrett. On October 17, 2017, Fay Servicing filed a Motion to Dismiss, (ECF No. 4), and Request for Judicial Notice of Exhibits to the Motion (ECF No. 5). Plaintiff filed a Response on October 30, 2017. (ECF No. 9). Fay Servicing filed its Reply on November 6, 2017. (ECF No. 11).

Barrett filed its Answer with Jury Demand on November 7, 2017. (ECF No. 12). Barrett Defendants filed a Motion to Dismiss on January 31, 2018, (ECF No. 21), and a Request for Judicial Notice of Exhibits to the Motion. Plaintiff filed a Response on February 14, 2018. (ECF No. 25). Barrett Defendants filed their Reply on February 16, 2018. (ECF No. 33).

On February 6, 2018, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 23). On February 14, 2018, Fay Servicing filed its Response (ECF No. 26), and a Supplemental Request for Judicial Notice (ECF No. 27). Barrett filed a Joinder to the Response and Request for Judicial Notice on February 15, 2018. (ECF No. 29). Plaintiff filed a Reply the same day. (ECF No. 30). The Court held a hearing on the Motion for Preliminary Injunction on February 16, 2018, and denied the Motion on the record. (ECF No. 32). On March 15, 2018, Plaintiff filed a Motion for Leave to File Amended Complaint. (ECF No. 34). Barrett Defendants filed a Response on March 29, 2018. (ECF No. 36).

### III. FACTUAL ALLEGATIONS

The following facts are alleged in Plaintiff's operative Complaint. Frank Vincent Incopero ("Incopero" or "the Decedent") died on or about August 22, 2013 in Clark County, Nevada. Theresa Stevens ("Stevens") was appointed Executor of the Estate by court order on or about January 2014. The Estate owns certain real property at issue in the case, located at 3829 Mayfield Ranch Road, Pahrump, Nevada 89041, APN #043-323-20 ("the Property").

On February 21, 2017, the Honorable Judge Robert Lane entered an order granting an injunction against foreclosing on, selling, or otherwise disposing of the Property. The order

granting the injunction was mailed to Barrett on or about February 21, 2017. Upon information and belief, the injunction order was received by Barrett on February 22, 2017.

In direct violation of the Order, Barrett sold the Property on April 11, 2017 to Wilmington Savings Fund Society ("Wilmington"), not a party to this action, c/o Fay Servicing, at a public auction. On or about April 19, 2017, Stevens found a Trustee's Deed Upon Sale posted on the door of the home located on the Property.

Asher is the lead attorney dealing directly with the sale of the Property and is responsible in whole or in part for its sale. Further proof that Asher caused the Trustee's Deed Upon Sale is seen through the Notice of Rescission of Trustee's Deed Upon Sale dated July 21, 2017. Asher engaged in the prohibited act of selling the property.

### IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

3

from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

**V. DISCUSSION**

    **a. FDCPA claim**

Section 808 of the FDCPA, 15 U.S.C. § 1692f, provides in relevant part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The provision sets forth eight examples of unfair or unconscionable conduct, including: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
    (B) there is no present intention to take possession of the property; or
    (C) the property is exempt by law from such dispossession or disablement."

15 U.S.C. § 1692f(6). Thus, to prevail on a claim for unfair practices under Section 808, a plaintiff must establish the existence of a debt, and that a debt collector engaged in unfair or unconscionable means in the attempt to collect such debt.

Plaintiff alleges that Barrett received a copy of the state court's injunction order on February 23, 2017, but held off on selling the Property until April 11, 2017. According to Plaintiff, Barrett violated the FDCPA by wrongfully and willfully listing the Property for sale at public auction on April 11, 2017, without sending notice to the Estate and in violation of the injunction order. Plaintiff contends that Barrett's practices have caused dispossession of the Property without a present right to do so, and that Barrett's actions were harassing and abusive to Stevens and to the Estate in general.

Fay Servicing argues in its Motion to Dismiss that Plaintiff's FDCPA claim fails because no facts are alleged which implicate Fay Servicing, even construing the facts alleged as true. Additionally, Fay Servicing contends that Plaintiff's first cause of action fails as a matter of law because a nonjudicial foreclosure is not an attempt to collect a debt. Fay Servicing cites to <u>Vien-Phuong Thi Ho v. Recontrust Co., NA</u>, 858 F.3d 568 (9th Cir. 2017) in support of its argument.

Barrett Defendants also cite <u>Vien-Phoung Thi Ho</u> in support of their argument that the actions alleged against them amount to a similar facilitation of a nonjudicial foreclosure that cannot be categorized as an attempt to collect a debt, such that dismissal of the FDCPA claim against them is warranted. In response to the Motions to Dismiss, Plaintiff argues that the Defendants collectively threatened to take and actually took nonjudicial action to effect the dispossession and disablement of the subject property with no present right to possession of the subject property. Plaintiff further contends that Defendants not only violated the injunction order, but also Fay Servicing engaged in misleading communications with Stevens, which constitutes a violation of the FDCPA.

As the Court stated on the record in the hearing on Plaintiff's Motion for Preliminary Injunction, the actions alleged against Defendants do not amount to an attempt to collect a debt under <u>Vien-Phuong Thi Ho v. Recontrust Co., NA</u>. There, the Ninth Circuit held: "[t]he object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower. . . . Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." 858 F.3d at 571-72. Construing the facts in the light most favorable to Plaintiff, the actions alleged here were all taken in the context of a nonjudicial foreclosure that was ultimately rescinded. As Plaintiff does not plead any attempt to collect a debt or any action that otherwise constitutes a violation of the FDCPA, the claim is dismissed with prejudice. The Court also agrees with Fay Servicing that Plaintiff does not make any allegations against it in the first cause of action, which provides another basis to dismiss the claim with prejudice against Fay Servicing. The Court further agrees that the alleged violation involves communications between Stevens and Defendants; however, Stevens is not a party to the action and no harm to the Estate is alleged.

### b. Claim for declaratory relief

To obtain declaratory relief, a plaintiff must establish four elements: (1) the existence of a justiciable controversy, such that a claim of right is asserted against one who has an interest in contesting the claim; (2) the parties have adverse interests; (3) the party seeking relief has a legally

protectable interest in the controversy; and (4) ripeness of the controversy. MB Am., Inc. v. Alaska Pac. Leasing Co., 367 P.3d 1286, 1291 (Nev. 2016).

Plaintiff asserts in the second cause of action that there is an actual controversy between the parties concerning the following matters: (1) Defendant's wrongful sale of the property, (2) Defendant's violation of the FDCPA, (3) immediate rescission of the foreclosure sale, (4) Defendants' negligently causing the Property to be sold in foreclosure, and (5) other issues to be shown according to proof.

In both Motions to Dismiss, Defendants argue that there is no controversy between the parties. Defendants contend that, because the Trustee's Deed Upon Sale was rescinded before the Complaint was filed, there is no controversy as to the validity of the sale. Additionally, Defendants argue that because there was no FDCPA violation sufficiently pled, there is no justiciable controversy regarding that cause of action. Fay Servicing specifically argues that, because the Complaint only alleges that Fay Servicing was involved within the context of its relationship with the purchaser, the rescission of the foreclosure sale removes the controversy between Plaintiff and Fay Servicing.

The Court agrees with Defendants that there is no longer a justiciable controversy, as the foreclosure sale Plaintiff challenges was rescinded. Because there is no FDCPA violation, and because there is no Section 1983 violation and no viable claim for negligence, as discussed below, the Court finds that Plaintiff fails to state a claim of entitlement to declaratory relief. The Court also notes that the party seeking relief – the Frank Vincent Incopero Estate – does not have a legally protected interest in the controversy, as all of the causes of action asserted arise out of alleged communications between Stevens and Defendants. For these reasons, the second cause of action is dismissed with prejudice.

   c.  **Section 1983 claim**

Section 1983 does not create substantive rights but merely is a device for enforcing certain Constitutional provisions or federal statutes. See Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617, 99 S. Ct. 1905 (1979). The elements of a Section 1983 claim are: (1) violation of

rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting "under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

In the third cause of action, Plaintiff argues that Defendants were state actors because they were using the power of the state via the Nye County Sherriff's Office, who facilitates the auctions. Plaintiff claims that Defendants, acting under color of state law, engaged in a "taking" without due process by selling the Property in violation of a court order.

Both Fay Servicing and Barrett Defendants argue that they are not state actors, and that the foreclosure sale – rescinded before the Complaint was filed – was not a taking and did not involve a state actor. The Motions to Dismiss both cite to Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., 388 P.3d 970 (Nev. 2017) to support their argument that nonjudicial foreclosures are not state action. Fay Servicing argues separately that it and the beneficiary under the Deed of Trust have been harmed by Plaintiff's failure to provide notice of the state court's injunction, as neither were named in the injunction, the injunction was not served upon them, and the injunction was not recorded until almost a week after the foreclosure sale was completed. Plaintiff argues in response facts about Defendants' involvement in the foreclosure sale that are not included in the Complaint.

The Court finds that the Plaintiff fails to state a claim under Section 1983 against all Defendants. None of the Defendants are considered "state actors" in the context of the alleged actions they took with regard to the nonjudicial foreclosure sale that was ultimately rescinded. In Saticoy Bay, the Nevada Supreme Court held that homeowners' associations conducting nonjudicial foreclosures are not state actors. 388 P.3d at 973. In so holding, the court cited with approval to several circuit court decisions recognizing that nonjudicial foreclosure statutes do not involve sufficient state action to give rise to due process claims. Although none of the Defendants in this case are homeowners' associations, the court's rationale nonetheless applies. An "[a]ction by a private party pursuant to [a] statute, *without something more*, [is] not sufficient to justify a characterization of that party as a 'state actor.'" Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982)) (alteration in original) (quotation marks omitted). Because Plaintiff fails to allege

that Defendants engaged in any action above conducting a nonjudicial foreclosure pursuant to statute, and could not do so under any set of facts alleged, the claim is dismissed with prejudice.

### d. Negligence claim

In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The existence of a duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause, however, are generally questions of fact for the jury to decide. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001).

Plaintiff alleges that Barrett Defendants had a duty to Plaintiff to exercise reasonable care in maintaining Plaintiff's promissory note, as Defendants are "professionals" who specialize in the law and debt collection practices and exercised control over the promissory note. Plaintiff argues that Barrett owes a duty to supervise subordinates, and that Barrett violated that duty by allowing Asher to commit the alleged acts. Plaintiff also argues that Barrett had a duty to conduct itself reasonably when handling a promissory note to a Property with a court order forbidding the sale. Barrett allegedly breached its duty by failing to exercise reasonable care and control over the Property, which caused injuries to Plaintiff. Plaintiff claims to have suffered damages in an amount to be proven in trial.

Barrett Defendants argue that Plaintiff does not state a claim for negligence because the Complaint does not show how Plaintiff has been harmed or what type of damages would be compensable. Barrett Defendants also point to the economic loss doctrine as a means for dismissing the Complaint; in their view, recovery is prohibited because Plaintiff was not physically injured, nor was the property harmed.

The Court finds that Plaintiff does not adequately state a claim for negligence against Barrett Defendants. From the facts alleged, it is not clear that a breach of duty occurred, as no actions arising out of a failure to supervise were sufficiently pled. Further, because the foreclosure

sale was rescinded prior to the filing of the Claim, there was no injury to Plaintiff. Even if the facts alleged supported a cognizable injury, the injury would be to Stevens and not to Plaintiff. Therefore, the negligence claim is dismissed with prejudice.

### e. Plaintiff's Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) instructs that courts should "freely" grant a party leave to amend "when justice so requires." However, once a scheduling order has been entered pursuant to Rule 16, the district court is to first apply the standards of that Rule rather than those of Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the issue under [Rule] 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired . . . ."). The "good cause" standard of Rule 16 "primarily considers the diligence of the party seeking the amendment," and a party's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

A Scheduling Order was entered by Magistrate Judge Nancy J. Koppe on December 15, 2017. (ECF No. 19). Therefore, Rule 16 applies to Plaintiff's request. The deadline for amending the pleadings pursuant to the Scheduling Order was January 16, 2018. Plaintiff filed the instant motion nearly two months after the deadline passed. The Court does not find that Plaintiff's neglect is excusable. Fay Servicing's Motion to Dismiss was filed on October 17, 2017, well before the deadline to amend the pleadings had expired. Although Barrett Defendants' Motion to Dismiss was filed after the amendment deadline, Plaintiff never sought to extend the deadline even after the Court indicated at the February 15, 2018 hearing that the claims in the Complaint would likely be dismissed. Further, the cause of action Plaintiff intends to add, and the proposed co-Plaintiff – Theresa Stevens, in her individual capacity – were both known to Plaintiff prior to the expiration of the amendment deadline. For these reasons, the Court finds no good cause to permit Plaintiff leave to amend the Complaint.

/ / /

/ / /

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Fay Servicing's Motion to Dismiss, (ECF No. 4), is GRANTED.

**IT IS FURTHER ORDERED** that Barrett Defendants' Motion to Dismiss, (ECF No. 21), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 34) is DENIED.

**IT IS FURTHER ORDERED** that Fay Servicing's Motion for Summary Judgment (ECF No. 39) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

DATED this 6th day of June, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE